IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

RICKY GLASS,

           Plaintiff,

v.                                                CIVIL ACTION NO.  2:23-cv-00313

CORPORAL DANIEL MCKNIGHT, et al.,

           Defendants.

MEMORANDUM OPINION AND ORDER

Pending before the court is Defendants Sgt. Moore, C.O. II Evans, and West Virginia Division of Corrections and Rehabilitation's ("Moving Defendants") Motion to Dismiss Counts II and III. [ECF No. 5]. For the reasons stated herein, Moving Defendants' motion is **GRANTED**.

I. Background

Plaintiff Ricky Glass is a West Virginia citizen who was incarcerated at Mount Olive Correctional Center. [ECF No. 1-1, ¶ 1]. Plaintiff alleges that on February 12, 2022, he was "seriously injured and tortured . . . when he was sprayed with [oleoresin capsicum ('OC')] and then placed in a restraint chair without just cause for an extended period of time." *Id.* Mr. Glass asserts that after employing OC spray, Defendants did not allow him to "shower/decontaminate himself nor did they allow him to wash" off "the urine and fecal matter" that resulted from being left restrained

for an extended period of time. *Id.* ¶ 2. Mr. Glass alleges the individually named Defendants either sprayed or supervised him, while Defendant West Virginia Division of Corrections and Rehabilitation ("WVDCR") is responsible for overseeing Mount Olive and other correctional facilities throughout the state. *Id.*

Plaintiff brings three claims against Defendants: (1) a claim under 42 U.S.C. § 1983 against the individually named Defendants for violations of the Eighth Amendment's right against cruel and unusual punishment; (2) a violation of "state legislative rules and [WVDCR] policy and procedure[s]" against all Defendants; and (3) vicarious liability against WVDCR based on "the conduct described herein and for the claims set forth in Count II." *Id.* ¶¶ 9, 20, 25. Plaintiff's claim under § 1983 remains pending.

Moving Defendants seek to dismiss with prejudice only Counts II and III of the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. [ECF No. 5]. As to Count II, Moving Defendants argue that Plaintiff "fails to specify exactly which West Virginia State legislative rules of WVDCR policies and procedures were violated and fails to provide Defendants notice as to the basis of the claim being asserted." [ECF No. 6, at 5]. Moreover, as this claim practically mirrors Count I, Moving Defendants characterize Count II as nothing more than an attempt to hold WVCDR vicariously liable for the alleged Eighth Amendment violations. *Id.* at 4–5.

Next, Defendant WVDCR argues Count III is based solely on Count II, which fails to state a claim, and therefore Count III must also be dismissed. *Id.* at 5. WVDCR

2

further asserts that the alleged acts are intentional torts that fall outside the individually named Defendants' scope of employment, and therefore, "WVDCR cannot be vicariously liable for the conduct alleged here." *Id.* at 6–8. Plaintiff did not respond to the motion, and as such, Defendant did not reply. As the time for response has passed, the matter is ripe for review.

## II. Legal Standard

A motion to dismiss filed under Rule 12(b)(6) tests the legal sufficiency of a complaint or pleading. *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). Pleading under the Federal Rule of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "When ruling on a motion to dismiss, courts must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in favor of the plaintiff." *Farnsworth v. Loved Ones in Home Care, LLC*, No. 2:18-CV-01334, 2019 WL 956806, at *1 (S.D. W. Va. Feb. 27, 2019) (citing *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011)).

To survive a motion to dismiss, the plaintiff's factual allegations, taken as true, must "state a claim to relief that is plausible on its face." *Robertson v. Sea Pines Real Estate Co.*, 679 F.3d 278, 288 (4th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The plausibility standard is not a probability requirement, but "asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). Although "the

complaint must contain sufficient facts to state a claim that is plausible on its face, it nevertheless need only give the defendant fair notice of what the claim is and the grounds on which it rests." *Hall v. DIRECTV, LLC*, 846 F.3d 757, 777 (4th Cir. 2017). Thus, "a complaint is to be construed liberally so as to do substantial justice." *Id.*

### III. Discussion

#### A. Count II

Plaintiff's allegations that Moving Defendants violated "well-established legislative rules and well-established policies/regulations" by spraying him and placing him in a restraint chair, [ECF No. 1-1, ¶ 21], do not state a claim upon which relief could be granted. Despite Plaintiff asserting that Moving Defendants disregarded "well-established" standards of conduct, Plaintiff has not specified which state rules, policies, or procedures he believes were violated. Given this critical omission, the Complaint fails to "give the defendant[s] fair notice of what the claim is . . . ." *Hall*, 846 F.3d at 777; *see also* Hamilton v. Hill, 2:20-cv-00368, 2020 WL 347420, at *4 (S.D. W. Va. June 25, 2020) ("Because Plaintiff did not identify a single, specific law or regulation violated by [Defendant], Plaintiff cannot make a "particularized showing" that [Defendant] violated a clearly established right.").

Moreover, a reading of the pleading shows that Count II shares the same factual allegations that form the basis of the Eighth Amendment claim in Count I. *See* [ECF No. 1-1, ¶ 21 ("Such conduct amounts to cruel and unusual punishment and is a violation of well-established rules and regulations of which the defendants were

4

aware.")]. Thus, the conduct alleged should be analyzed under the Eighth Amendment. *See generally United States v. Lanier*, 530 U.S. 259, 272 n.7 (1997) ("[I]f a constitutional claim is covered by a specific constitutional provision, such as the . . . Eighth Amendment, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process."). And a violation of specific policies is not a cause of action under the Constitution. *See Morton v. Sheeley*, No. 3:12-cv-122, 2014 WL 3700011, at *20 (N.D. W. Va. July 24, 2014) ("To the extent that the Plaintiff is attempting to allege that the defendants did not adhere to a statute or administrative regulation, . . . 'a failure to adhere to administrative regulations does not equate to a constitutional violation.'") (quoting *Hovater v. Robinson*, 1 F.3d 1063, 1068 n.4 (10th Cir. 1993)); *Richardson v. Thornton*, 299 F. App'x 461, 463 (5th Cir. 2008) ("The failure of the prison to follow its own policies . . . is not sufficient to make out a civil rights claim."); *Aliff v. W. V. Reg'l Jail & Corr. Facility Auth.*, No. 2:15-cv-13513, 2016 WL 5419444, at *8 (S.D. W. Va. Sept. 26, 2016) ("[I]t is well settled that a § 1983 claim brought in federal court is not the appropriate forum to urge violations of prison regulations or state law.") (quoting *Holland v. City of New York*, 197 F. Supp. 3d 529, 548–49 (S.D.N.Y. 2016) (internal quotations omitted)). Because Plaintiff fails to state a claim upon which relief could be granted, the court finds that Count II should be **DISMISSED with prejudice** as to Moving Defendants.

B.  Count III

Count III of Plaintiff's Complaint is wholly predicated on the claims set forth in Count II. [ECF No. 1-1, ¶ 25 ("[T]he individuals were acting within the scope of their employment and [sic] at the time the conduct described herein and for the claims set forth in Count II.")]. Because Count II should be dismissed, there are no grounds upon which Count III can rest.

Finally, to the extent that Plaintiff intended for Count III to encompass the conduct alleged under Count I, *see* discussion *supra* (explaining that Counts I and II share the same factual basis); *see also* [ECF No. 1-1, ¶ 25 (claiming that WVDCR is responsible "for ensuring the safety of inmates" and "can be vicariously liable for the acts of its employees for violations of . . . laws")], such claim fails under the settled principle that "*[r]espondeat superior* liability is not available in § 1983 claims," *Morton*, 2014 WL 3700011, at *5 (citing *Monell v. Dep't of Soc. Servs.*, 463 U.S. 658, 691–95 (1978)). Plaintiff's attempt to circumvent this inevitable conclusion—by employing the doctrine of r*espondeat superior* based on a generalized policy and procedure violation—is unavailing. Thus, the court finds that this claim should be **DISMISSED with prejudice**.

IV.  Conclusion

For the foregoing reasons, Moving Defendants' Motion to Dismiss [ECF No. 5] is **GRANTED**. Count II is **DISMISSED with prejudice** as to Defendants Sgt. Moore, C.O. II Evans, and WVDCR. Count III is **DISMISSED with prejudice** as to WVDCR.

Because there are no remaining claims against WVDCR, Defendant WVDCR is hereby dismissed from this action. Count I remains pending, and Count II remains pending as to the nonmoving defendants Cpl. McKnight, C.O. II Rowe, and C.O. II Muldrew. The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: September 21, 2023

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

7